LeSUEUR, Judge.
Plaintiffs, owners of a building on Jefferson Davis Parkway in New Orleans, lodged this suit seeking to enjoin the defendant’s use of a wall of the building to bear a sign advertising his insurance agency. The trial court denied the application and the plaintiffs perfected this appeal.
The plaintiffs acquired the property from Dr. Joseph L. DiLeo who retained a servitude of use, recorded as part of the instrument of sale, on the wall in question. Al *107 though it is alleged that his intent was limited to using the wall as a party wall to facilitate construction on the adjoining lot, which he also owned, no restrictions or qualifications were placed upon the exercise of the servitude of use. As between the parole allegation and the terms of the act, the instrument must, of course, govern.
Dr. DiLeo built on the adjoining property but made no use of the wall. The defendant, an insurance agent, leased a portion of the Doctor’s new building for his office. He also acquired a partial assignment of the servitude in order to place a sign advertising the agency upon the wall. The assignment was at some time reduced to writing in the form of a letter.
The plaintiffs’ arguments center about this document. Basically they allege that the letter is hearsay, that hearsay is inadmissible and that absent the letter, there is no proof of the defendant’s right to use the wall. The defendant, on the other hand, urges that the document was not a letter at all and that it was never sent through the mail.
In our view, whether or not the document was a letter or was sent through the mail, is irrelevant. The same is true of the allegation that the document was hearsay for, in that sense, all documents are hearsay. One might as well argue that an act of sale sent through the mail for recordation is inadmissible to prove title.
What is relevant is that the defendant holds documentary right to use the wall. As the basis of the right, the document is clearly admissible. Indeed, had Dr. Di-Leo’s testimony been offered rather than the letter (as plaintiffs suggest should have been done), his testimony might well have been objectionable by virtue of the best evidence rule.
For these reasons, the judgment of the lower court is affirmed, at plaintiffs-appellants’ cost.
Affirmed.